UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RAPHAEL MENDEZ, | Case No. 14-CV-4528 (ADM/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MR. GILK, Unit 1/2 Nurse; CALVIN WEDINGTON, Mental Health Inmate; OTHER UNKNOWN AT MNC ROCHESTER, MINN. ET AL.; and A. STRIEF, Correctional Officer, | |
| Defendants. | |

---

Plaintiff Raphael Mendez, a civil detainee at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), filed what purported to be a criminal complaint under 18 U.S.C. §§ 241 & 242 against the named defendants in this action. Mendez did not pay any filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. In an order dated November 14, 2014, this Court noted that Mendez lacked the authority to bring an action under the above-mentioned criminal provisions. *See* ECF No. 4 at 2. Moreover, even if Mendez's complaint were interpreted as attempting to raise civil claims against the named defendants, the complaint filed to state a claim on which relief could be granted. *Id*. at 2-3. Rather than recommending dismissal of Mendez's defective complaint, this Court gave Mendez an opportunity to file an amended complaint. Mendez has done so, and that amended complaint — along with Mendez's IFP application — are now before the Court.

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Once again, Mendez argues that he should be permitted to bring criminal charges under §§ 241 & 242 against the named defendants for various alleged violations of his constitutional rights. But as this Court has already explained, "private parties generally lack authority to enforce federal criminal statutes." *Walsh v. Krantz*, 386 Fed. App'x 334, 336 (3d Cir. 2010) (per curiam). Sections 241 and 242 of Title 18 "provide criminal remedies for the violation of certain constitutional rights, not a private right of action." *Sauls v. Bristol-Myers Co.*, 462 F. Supp. 887 (S.D.N.Y. 1978). Simply put, Mendez cannot avail himself of those criminal statutes, and any complaint seeking to bring claims under those provisions must be dismissed at the outset.

To the extent that Mendez wishes to allege that the defendants have conspired to violate his constitutional rights, he must do so through a traditional civil-rights action, such as an action brought under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Mendez has reiterated, however, that he wishes to pursue criminal charges, and he does not appear to be interested in civil remedies. Nevertheless, out of an abundance of caution, this Court interprets Mendez's complaint as potentially raising two civil constitutional claims. Neither claim is viable.

First, Mendez alleges that defendants Gilk and Strief subjected him to cruel and unusual punishment when they threatened him with administrative segregation after an altercation with a fellow detainee. *See* Am. Compl. ¶ 8 [ECF No. 5]. But Mendez does not allege that he *was* in fact placed in administrative segregation, and thus he does not allege that he was punished (much less *cruelly and unusually* punished) through placement in administrative segregation. Indeed, it is difficult to see from the complaint how Mendez was punished at all by any defendant.[1] This claim must therefore fail.

Second, Mendez alleges that Gilk and Strief searched his cell after the altercation and seized property from the cell. Although Mendez raises this claim as also being for cruel and unusual punishment, this Court interprets Mendez's claim as alleging illegal search and seizure under the Fourth Amendment. But Mendez has not described the manner or circumstances in which the search was conducted, or alleged what property was seized (or whether that property was returned after the seizure), or even described in a clear and coherent narrative the events leading to the search and seizure. It is not enough that Mendez believes defendants' actions were unreasonable. Nor is it enough that he has alleged in a conclusory manner that defendants

---

[1] Had Mendez been punished, he would have been entitled to due process before that punishment was effected. *See Bell v. Wolfish*, 441 U.S. 520, 535-38 (1979); *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). But again, nothing in the complaint indicates that Mendez was in fact punished. He therefore cannot bring a viable due-process claim either.

violated his constitutional rights. Without further specific factual allegations, this Court cannot conclude that defendants' actions were in fact unreasonable under the circumstances. This claim must fail as well.

Mendez has now had two opportunities in this action to plead a viable claim for relief and has failed to do so. Moreover, Mendez persists in attempting to bring criminal charges against the defendants despite being alerted by this Court that he may not. Under these circumstances, this Court recommends that Mendez not be given another opportunity to amend his complaint. Instead, this Court recommends that this action be dismissed pursuant to § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* of plaintiff Raphael Mendez [ECF No. 2] be DENIED.

Dated: December 11, 2014                     s/Franklin L. Noel
                                             Franklin L. Noel
                                             United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 26, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.